[Civ. No. 139. Second Appellate District.—November 9, 1905.]

MORTIMER A. KING, Appellant, v. CHARLES ELTON et al., Respondents.

ORDER GRANTING NEW TRIAL—CHANCE VERDICT—DIVISION BY TWELVE—AFFIDAVITS OF JURORS—DISCRETION—SUPPORT OF ORDER.—An order granting a new trial for misconduct of the jury in assenting to their verdict by a resort to chance, is sufficiently supported by the affidavits of two credible jurors showing that the amount of the verdict was ascertained by a division of the amount favored by each juror by twelve, without further discussion, and it was not an abuse of discretion to grant the order notwithstanding the counter-affidavits of seven other jurors, especially where they did not expressly deny the statements of the two jurors, nor state anything inconsistent therewith.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Stephens, Sherer & Neighbours, Burrel .D. Neighbours, and Albert Lee Stephens, for Appellant.

W. B. Matthews, Leslie Hewitt, and Hartley Shaw, for Respondents.

SMITH, J.—This is an appeal from an order made after a judgment for the plaintiff granting the defendants a new trial. The motion was granted solely on the ground of misconduct of the jury, "in that the jurors were induced to assent to said verdict by a resort to the determination of chance."

The verdict was given by nine jurors out of twelve, and the order was based on the affidavits of two of the nonconcur-

ring jurors, which were to the following effect: That after all nine jurors had agreed upon a verdict "it was thereupon moved by one of said nine jurors that each juror should put down privately on a slip of paper the amount which he favored for the verdict; that these several amounts should be added together and their sum divided by twelve, and that the quotient so obtained should be the amount of the verdict; that said motion was agreed to and carried by the votes of nine jurors"; that this plan was carried into effect, resulting in the adoption of the amount of the verdict, "which amount was then at once, without further discussion and consideration, in pursuance to said previous agreement, accepted by said nine jurors to the amount of the verdict, and entered in the form of verdict provided by the court." To rebut these affidavits, the affidavits of seven of the concurring jurors were filed, and it is claimed that these contradict the affidavits filed by defendants, and that the preponderance of the evidence was so great that it was an abuse of discretion in the court to grant the motion. But we think neither point can be sustained. The statement of two credible witnesses against seven would have been quite sufficient to sustain the decision of the court; and in this case the statements are not expressly denied, nor is there anything inconsistent with them in the statements of defendants' witnesses.

The order appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.